UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| LUKE ADAM THOMPSON, | ) | |
|---|---|---|
| *Plaintiff*, | ) | Case No. 1:24-cv-185 |
| v. | ) | Judge Atchley |
| JEFF CASSIDY, SULLIVAN COUNTY JAIL, and CHRISTY FRAZIER, | ) | Magistrate Judge Steger |
| *Defendants.* | ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff, a prisoner housed in the Sullivan County Jail, filed a pro se civil rights action under 42 U.S.C. § 1983 [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 5]. For the reasons set forth below, the Court will grant Plaintiff's motion to proceed *in forma pauperis*, deny some of his requested relief, dismiss the Sullivan County Jail, and permit him to proceed against Defendants Cassidy and Frazier on a claim of deliberate indifference to his medical needs.

### I. MOTION TO PROCEED *IN FORMA PAUPERIS*

It appears from Plaintiff's motion to proceed *in forma pauperis* [Doc. 5] that he lacks the financial resources to pay the filing fee in a lump sum. Accordingly, pursuant to 28 U.S.C. § 1915, this motion will be **GRANTED**.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Suite 309, Chattanooga, Tennessee 37402, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred

fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this Memorandum Opinion and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk will also be **DIRECTED** to furnish a copy of this Memorandum Opinion and Order to the Court's financial deputy. This Memorandum Opinion and Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.  SCREENING OF COMPLAINT

### A.  Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, allegations that give rise to a mere possibility that a plaintiff might later establish

2

Case 1:24-cv-00185-CEA-CHS   Document 6   Filed 06/07/24   Page 2 of 7   PageID #: 18

undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "[s]ection 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

## B. Plaintiff's Allegations

On May 15, 2024, Plaintiff was extradited to the Sullivan County Jail from the Guernsey County Jail in Cambridge, Ohio, where Plaintiff had been receiving prescription medication in a Medication Assisted Treatment ("MAT") program for opioid users [Doc. 1 at 3–4]. Plaintiff arrived at the Sullivan County Jail with "all of [his] prescribed medication[,] including [his] suboxone[1] tablets" [*Id*. at 3]. But head nurse, Christy Frazier, advised Plaintiff that he would not receive suboxone at the Sullivan County Jail, as neither she, Sheriff Jeff Cassidy, nor the Jail itself allowed it [*Id*. at 4]. Thus, Plaintiff was taken off his medication "cold turkey[,]" which has resulted in ongoing seizures, insomnia, and pain and suffering [*Id*.].

Aggrieved, Plaintiff filed the instant lawsuit against Sheriff Cassidy, Nurse Frazier, and the Sullivan County Jail seeking (1) to have Sheriff Cassidy and Nurse Frazier fired and (2) $1 million in punitive damages [*Id*. at 5].

---

[1] Suboxone, a drug used to treat opiate addiction, is a combination of buprenorphine, an opioid medication, and naloxone, a drug that blocks the effects of opioids. *See* Drugs.com, *Suboxone*, https://www.drugs.com/suboxone.html (last visited June 6, 2024).

C.  **Analysis**

Prison officials have a duty to "ensure that inmates receive adequate food, clothing shelter, and medical care" and "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted). Deliberate indifference to those needs violates an inmate's constitutional rights. *Richmond v. Huq*, 885 F.3d 928, 937–38 (6th Cir. 2018) (citation omitted).

Although Plaintiff does not disclose his custodial status in his complaint, the Court will presume for present purposes that he is a pretrial detainee. And as a presumed pretrial detainee, Plaintiff's claims are analyzed under the Fourteenth, rather than the Eighth, Amendment. *Brawner v. Scott Cnty., Tenn.,* 14 F.4th 585, 596 (6th Cir. 2021). Under the Fourteenth Amendment, pretrial detainees cannot be subjected to punishment prior to a determination of guilt. *Kingsley v. Hendrickson*, 576 U.S. 389, 400 (2015) ("[P]retrial detainees (unlike convicted prisoners) cannot be punished at all, much less 'maliciously and sadistically.'") (citation omitted). So, to state a claim that Plaintiff was exposed to punishment by Defendants' failure to provide him with adequate medical care, Plaintiff must show that (1) he had a sufficiently serious medical need, and (2) Defendants "acted deliberately (not accidentally), [and] also recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Helphenstine v. Lewis Cnty., Ky.*, 60 F.4th 305, 317 (6th Cir. 2023) (citations omitted).

Withdrawal from opioid use is a "serious medical need." *See Foelker v. Outagamie Cnty.*, 394 F.3d 510, 512–13 (7th Cir. 2005) (holding that "forced withdrawal from methadone" constituted a "serious medical need"). And since Plaintiff has alleged that Defendants refused to provide him with a prescribed course of medical care despite his ongoing withdrawal symptoms, the Court finds he has stated a plausible claim of deliberate indifference against Defendants Frazier

4

and Cassidy. *See Messina v. Mazzeo*, 854 F. Supp. 116, 140 (E.D.N.Y. 1994) (finding pretrial detainee, whose participation in methadone program was interrupted by arrest, stated deliberate indifference claim against prison doctor who refused to continue methadone treatment); *see also Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 704 (11th Cir. 1985) ("[I]f necessary medical treatment has been delayed for non-medical reasons, a case of deliberate indifference has been made out."). Therefore, Plaintiff's claim that Defendants Frazier and Cassidy were deliberately indifferent to his serious medical needs will **PROCEED**. The Court cannot, however, order these Defendants to be fired. *See United States v. White Cnty. Bridge Comm'n*, 275 F.2d 529, 535 (7th Cir. 1960) (holding federal district court lacks the inherent power to hire or remove officials not within the executive control of that federal district court). Accordingly, this particular request for relief will be **DENIED**.

This leaves Plaintiff's claim against the Sullivan County Jail. But a jail is not a "person" within the meaning of § 1983. *See Cage v. Kent Cnty. Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"). Instead, the real party in interest is Sullivan County itself. Plaintiff may state a claim against Sullivan County by alleging facts from which this Court could plausibly infer that his constitutional rights were violated because of an unconstitutional policy or custom of the County itself. *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of [its] official policies or established customs"). And here, Plaintiff plausibly alleges that Sullivan County has a policy of not administering opiate withdrawal medication to prisoners. However, Plaintiff seeks only punitive damages, which are unavailable

5

against a municipality under § 1983. *See, e.g., Kentucky v. Graham*, 473 U.S. 159, 167 n.13 (1985) (citation omitted). Accordingly, Plaintiff cannot maintain suit against the Sullivan County Jail, and he cannot obtain the relief sought against Sullivan County. This Defendant will, therefore, be **DISMISSED**.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 5] is **GRANTED**;

2. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

3. The Clerk is **DIRECTED** to mail a copy of this Memorandum Opinion and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

4. Plaintiff's claim of deliberate indifference to his medical needs will **PROCEED** against Defendants Jeff Cassidy and Christy Frazier;

5. The Clerk is **DIRECTED** to send Plaintiff service packets (a blank summons and USM 285 form) for Defendants Cassidy and Frazier;

6. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within twenty-one (21) days of entry of this Order;

7. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service pursuant to Fed. R. Civ. P. 4;

8. Plaintiff is **NOTIFIED** that if he fails to timely return the completed service packets, this action will be dismissed;

9. Defendants shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If any Defendant fails to timely respond to the complaint, it may result in entry of judgment by default against that Defendant;

10. All remaining claims and Defendants are hereby **DISMISSED**;

11. Plaintiff's request for Defendants Cassidy and Frazier to be fired is **DENIED** as a form of relief; and

12. Plaintiff is **ORDERED** to immediately inform the Court and Defendants their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13,

6

it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**